Quarles & Brady Streich Lang
LLP
Firm State Bar No. 00443100
Renaissance One
Two North Central Avenue
Phoenix, AZ  85004-2391
TELEPHONE 602.229.5200

Colleen A. Lomax (016741)
Susan E. Brichler (023117)

*Attorneys for Defendants*
*Kenworth Truck Company and PACCAR Inc.*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Great Northern Insurance Company, a Minnesota corporation,<br><br>Plaintiff,<br><br>vs.<br><br>Kenworth Truck Company, a division of PACCAR Inc., a Delaware corporation; PACCAR Inc., a Delaware corporation; and Does 1 through 50 inclusive,<br><br>Defendants. | NO. _____<br><br>**ANSWER OF DEFENDANTS KENWORTH TRUCK COMPANY AND PACCAR INC. TO PLAINTIFF'S COMPLAINT** |

Defendants Kenworth Truck Company, a division of PACCAR Inc. and PACCAR Inc. ("Defendants") by and through its counsel, Quarles & Brady Streich Lang LLP, hereby answer Plaintiff's Complaint as follows:

1. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 1 of Plaintiff's Complaint and, therefore, deny each and every one of the same.

QBPHX\2010674.1

2. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 2 of Plaintiff's Complaint and, therefore, deny each and every one of the same.

3. Defendants admit that Kenworth Trucking Company is a division of PACCAR Inc. and is authorized to transact and conduct business in Arizona. Defendants deny the remaining allegations contained in Paragraph 3.

4. Defendants admit that PACCAR Inc. is a Delaware corporation authorized to transact and conduct business in Arizona.

5. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 5 of Plaintiff's Complaint and, therefore, deny each and every one of the same.

6. Defendants deny the allegations contained in paragraph 6 of Plaintiff's Complaint.

7. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 7 of Plaintiff's Complaint and, therefore, deny each and every one of the same.

8. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8 of Plaintiff's Complaint and, therefore, deny each and every one of the same.

9. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 9 of Plaintiff's Complaint and, therefore, deny each and every one of the same.

## FIRST CAUSE OF ACTION
## (STRICT PRODUCTS LIABILITY AGAINST ALL DEFENDANTS)

10.     Answering paragraph 10, Defendants incorporate by reference their responses and answers to paragraphs 1 - 9 of Plaintiff's Complaint, as it is fully set forth herein.

11.     Answering paragraph 11, Defendants admit that Kenworth Truck Company, a wholly owned division of PACCAR Inc., was involved in the design, manufacture, sale, assembly, distribution, marketing, and otherwise placing into the stream of commerce Kenworth T300 series trucks.  Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 11 of Plaintiff's Complaint and, therefore, deny each and every one of the same.

12.     Answering paragraph 12, Defendants admit that Kenworth Truck Company, a wholly owned division of PACCAR Inc., was involved in the design, manufacture, sale, assembly, distribution, marketing, and otherwise placing into the stream of commerce Kenworth T300 series trucks.  Defendants deny the remaining allegations contained in paragraph 12.

13.     Defendants deny the allegations contained in paragraph 13 of Plaintiff's Complaint.

14.     Defendants deny the allegations contained in paragraph 14 of Plaintiff's Complaint.

15.     Defendants deny the allegations contained in paragraph 15 of Plaintiff's Complaint.

16.     Defendants deny the allegations contained in paragraph 16 of Plaintiff's Complaint.

17.     Defendants deny the allegations contained in paragraph 17 of Plaintiff's Complaint.

18. Defendants deny the allegations contained in paragraph 18 of Plaintiff's Complaint.

## SECOND CAUSE OF ACTION
## (NEGLIGENCE AGAINST ALL DEFENDANTS)

19. Answering paragraph 19, Defendants incorporate by reference their responses and answers to paragraphs 1 - 18 of Plaintiff's Complaint, as it is fully set forth herein.

20. Defendants deny the allegations contained in paragraph 20 of Plaintiff's Complaint.

21. Answering paragraph 21, the allegation contained therein does not call for response to a factual allegation but rather for a legal conclusion and Defendants therefore deny all allegations contained in paragraph 21 of Plaintiff's Complaint.

22. Defendants deny the allegations contained in paragraph 22 of Plaintiff's Complaint.

23. Defendants deny the allegations contained in paragraph 23 of Plaintiff's Complaint.

24. Defendants deny the allegations contained in paragraph 24 of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. Upon information and belief, if Plaintiff suffered any damages, they were proximately caused in whole or in part by Plaintiff's contributory negligence and/or the acts, conduct or negligence of other parties and/or third parties.

3. Upon information and belief, the accident and Plaintiff's damages were proximately caused by Plaintiff's own negligence.

4. Upon information and belief, the accident and Plaintiff's damages were

proximately caused in whole or in part by the acts, conduct and/or negligence of other parties and/or third parties to the litigation.

5. Upon information and belief, the accident and Plaintiff's damages were proximately caused by the misuse of the Subject Vehicle by Plaintiff or other parties in a manner that was not reasonably foreseeable by Defendants and/or was contrary to any express and adequate instructions or warnings on, attached, or provided with the Subject Vehicle.

6. Upon information and belief, the accident and Plaintiff's damages were proximately caused by the misuse of the Subject Vehicle in a manner that was not reasonably foreseeable by Defendants and/or was contrary to any express and adequate instructions or warnings on, attached, or provided with the Subject Vehicle.

7. Upon information and belief, the accident and Plaintiff's damages were proximately caused by an intervening or superseding force or event.

8. Upon information and belief, Plaintiff assumed the risk of the accident and the resulting injury and damage.

9. The plans or designs for the Subject Vehicle and its component parts, as well as the methods and techniques of manufacturing, inspecting, testing and labeling the Subject Vehicle and its component parts conformed with the state of the art at the time the Subject Vehicle was first placed into the stream of commerce by Defendants.

10. The proximate cause of the incident giving rise to the action was an alteration or modification of the Subject Vehicle which was not reasonably foreseeable, made by a person other than Defendants and subsequent to the time the Subject Vehicle was first sold by Defendants.

11. Although expressly denied, to the extent that Defendants are found liable for Plaintiff's damages, Defendants are entitled to a determination as to the percentage which the negligent conduct of Plaintiff and/or other third parties contributed to the accident, and

1 to a reduction of any amount awarded by any amount equal to the percentage of any other
2 party's negligent conduct.

3     12.    Based on the facts as they come to light, Defendants reserve their right to
4 raise additional affirmative defenses, including without limitation, those defenses listed in
5 Rule 8(c) of the Federal Rules of Civil Procedure.

6     WHEREFORE, having fully answered Plaintiff's complaint, Defendants request the
7 following relief:

8     1.    Plaintiff's Complaint be dismissed with prejudice;
9     2.    Defendants recover their costs incurred herein; and,
10     3.    For any other relief that the Court deems just and equitable.

11     RESPECTFULLY SUBMITTED this 16th day of May, 2006.

QUARLES & BRADY STREICH LANG LLP
Renaissance One, Two North Central Avenue
Phoenix, AZ  85004-2391


By s/ Susan E. Brichler
    Colleen A. Lomax
    Susan E. Brichler

*Attorneys for Defendants Kenworth Trucking Company and PACCAR, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 16, 2006, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and delivered a copy of the foregoing via United States Mail to the following:

Barrett Kiernan, Esq.
COZEN O'CONNOR
501 West Broadway, Suite 1610
San Diego, California 92101
*Attorneys for Plaintiff Great Northern Insurance Company*

 s/ Frances Fulwiler