BARRETT KIERNAN
Arizona Bar No. 016588
COZEN O'CONNOR
501 West Broadway, Suite 1610
San Diego, CA 92101
Telephone: 800.782.3366
Facsimile: 619.234.7831

Attorneys for Plaintiff
GREAT NORTHERN INSURANCE COMPANY

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| GREAT NORTHERN INSURANCE COMPANY, a Minnesota corporation,<br><br>Plaintiff,<br><br>v.<br><br>KENWORTH TRUCK COMPANY, a division of PACCAR, Inc., a Delaware corporation; PACCAR, INC., a Delaware corporation; INLAND KENWORTH, INC., an Arizona corporation; HESSE, INC., a Missouri corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 2:06-CV-01310-ROS<br><br>**FIRST AMENDED COMPLAINT FOR STRICT PRODUCTS LIABILITY AND NEGLIGENCE** |

Plaintiff, Great Northern Insurance Company (hereinafter "Great Northern") is informed and believes and thereon alleges, against Defendants, and each of them, as follows:

1. This action arises from a fire occurring on or about July 10, 2005, (hereinafter "Subject Fire"), that caused damage to vehicles and business property on the real property addressed as 1740 West Broadway in Mesa, Arizona (hereinafter "Subject Property").

2. Plaintiff Great Northern is, and at all times herein mentioned was, a Minnesota corporation duly authorized to transact and conduct business in the State of Arizona as an insurance carrier.

3. Defendant Kenworth Truck Company, a division of PACCAR, Inc., (hereinafter "Kenworth Trucks" or "Defendant") is, and at all times herein mentioned was, a Delaware corporation authorized to transact and conduct business in the State of Arizona.

4. Defendant PACCAR, Inc. (hereinafter "PACCAR" or "Defendant"), is, and at all times herein mentioned was, a Delaware corporation authorized to transact and conduct business in the State of Arizona.

5. Defendant Inland Kenworth, Inc, ("Inland Kenworth") is, and at all times herein mentioned was, an Arizona corporation authorized to transact and conduct business in the State of Arizona.

6. Hesse, Inc. ("Hesse") is, and at all times herein mentioned was, a Missouri corporation authorized to transact and conduct business in the State of Arizona.

7. Plaintiff is ignorant of the true names and capacities of Defendants sued by this Complaint as DOES 1 through 50, inclusive, and, therefore, Plaintiff sues such Defendants by such fictitious names. Plaintiff is informed and believes, and thereon alleges, that Defendants designated as DOES 1 through 50, inclusive, are legally responsible in some manner for the damages alleged. Plaintiff will amend this Complaint to allege the true names, capacities and liabilities of DOES 1 through 50, inclusive, when ascertained.

8. At all times herein mentioned, Defendants, and each of them, were agents and/or employees and/or servants and/or partners and/or alter egos of each remaining defendant and at all times herein mentioned were acting as alter ego or within the purpose and scope of said agency, partnership, employment and/or relationship with the consent, authorization, permission or ratification of Co-Defendants, and each of them.

9. At all times herein mentioned, O Waters, LLC dba O Premium Waters (hereinafter "O Premium Waters") were the owners of the Subject Property and the lessees and/or owners of the vehicles and business property located thereon damaged or destroyed by the Subject Fire.

////

10. At all times herein mentioned, there was in effect an insurance policy issued by Plaintiff Great Northern to O Premium Waters by which Plaintiff Great Northern insured O Premium Waters against loss and damage of the type sustained in the Subject Fire.

11. Pursuant to the terms of the aforementioned policy and a claim for benefits thereunder filed by the O Premium Waters, Plaintiff Great Northern has paid to the O Premium Waters an amount in excess of the minimum amount required for the jurisdiction of this court, an amount to be proved at trial. Plaintiff Great Northern is legally and equitably subrogated to the rights of the O Premium Waters in this lawsuit to the amount paid, and to be paid, for the damages forming the basis of this action.

## FIRST CAUSE OF ACTION

**(STRICT PRODUCTS LIABILITY AGAINST DEFENDANTS PACCAR, KENWORTH TRUCKS, INLAND KENWORTH AND DOES 1 THROUGH 40, INCLUSIVE)**

12. Plaintiff realleges and incorporates by reference paragraphs 1 through 11, inclusive, of this Complaint as though fully set forth at length.

13. Defendants, Paccar, Kenworth Trucks, and DOES 1 through 40, inclusive, and each of them, at all times herein mentioned, were in the business of manufacturing, designing, assembling, selling, distributing, marketing, leasing, and/or otherwise placing into the stream of commerce, trucks and their component parts, such as the 2003 Kenworth T300 leased by O Premium Waters and involved in the Subject Fire (hereinafter "Subject Vehicle").

14. Defendants, Paccar, Kenworth Trucks, Inland Kenworth, and DOES 1 through 40, inclusive, and each of them, manufactured, designed, assembled, sold, distributed, marketed leased, and/or otherwise placed the Subject Vehicle into the stream of commerce.

15. Defendants, Paccar, Kenworth Trucks, Inland Kenworth, and DOES 1 through 40, inclusive, and each of them, knew, or reasonably should have known, that the Subject Vehicle would be used by O Premium Waters and/or other consumers without inspection for defects such as the defect which caused the Subject Fire.

16. At the time the Subject Vehicle and/or its component parts left the control of Defendants Paccar, Kenworth Trucks, Inland Kenworth, and DOES 1 through 40, inclusive, and were placed into the stream of commerce by Defendants herein, a defect existed in the Subject Vehicle that rendered the Subject Vehicle unreasonably dangerous.

17. The unreasonably dangerous defective condition in the Subject Vehicle that caused the fire is described as follows:

    a) The battery positive cable was improperly secured so as to create the unreasonable risk of electrical arcing and fire such as that which occurred;

    b) The battery positive cable was prone to chafing and abrasion so as to create the unreasonably dangerous propensity for electrical arcing and fire such as that which occurred; and/or

    c) Was otherwise unreasonably dangerous and defective.

18. The unreasonably dangerous defective condition of the Subject Vehicle that was present in the Subject Vehicle when the Subject Vehicle left the custody and control of Defendants herein caused the Subject Fire and caused the damages from which this action arises.

19. The unreasonably dangerous defective condition of the Subject Vehicle and/or its component parts was neither plainly apparent nor discoverable by O Premium Waters or other consumers through a reasonable inspection.

20. As a direct and proximate result of the unreasonable dangerous defective condition of the Subject Vehicle and/or its component parts, Plaintiff has suffered damage and loss in an amount in excess of the minimum amount required for the jurisdiction of this court, an amount to be proved at trial.

////

////

////

////

## SECOND CAUSE OF ACTION

## (NEGLIGENCE AGAINST DEFENDANTS PACCAR, KENWORTH TRUCKS, INLAND KENWORTH, AND DOES 1 THROUGH 40, INCLUSIVE)

21. Plaintiff realleges and incorporates by reference paragraphs 1 through 20, inclusive, of this Complaint as though fully set forth at length.

22. At all times herein mentioned, Defendants PACCAR, Kenworth Trucks, Inland Kenworth, and DOES 1 through 40, inclusive, were responsible, in whole or part, for manufacturing, designing, assembling, and/or inspecting the Subject Vehicle and/or its component parts.

23. At all times herein mentioned, Defendants Paccar, Kenworth Trucks, Inland Kenworth, and DOES 1 through 40, inclusive, owed O Premium Waters a duty to use due and reasonable care and caution in manufacturing, designing, assembling, and/or inspecting the Subject Vehicle and/or its component parts.

24. Defendants Paccar, Kenworth Trucks, Inland Kenworth, and DOES 1 through 40, inclusive, breached the aforementioned duty to use due and reasonable care and caution through one or more of the following acts and/or omissions:

    a) Carelessly and negligently failed to properly secure the battery positive cable so as to create the unreasonably dangerous propensity for electrical arcing and fire such as that which occurred;

    b) Carelessly and negligently failed to properly protect the battery positive cable so as to create the unreasonably dangerous propensity for electrical arcing and fire such as that which occurred;

    c) Carelessly and negligently allowed stand off clamps for the battery positive cable to be removed during vehicle assembly, failed to discover that support clamps had been removed during vehicle assembly, and failed to provide for proper support of the battery positive

////

cables so as to create the unreasonably dangerous propensity for electrical arcing and fire such as that which occurred; and

        d)    Were otherwise careless and negligent.

25. The above-mentioned negligent acts and/or omissions by Defendants Paccar, Kenworth Trucks, Inland Kenworth and DOES 1 through 40, inclusive, caused the SUBJECT FIRE and caused the damages in issue.

26. As a direct and proximate result of the unreasonably dangerous condition of the Subject Vehicle and/or its component parts, Plaintiff has suffered damage and loss in an amount in excess of the minimum amount required for the jurisdiction of this court, an amount to be proved at trial.

### THIRD CAUSE OF ACTION
### (NEGLIGENCE AGAINST DEFENDANTS INLAND KENWORTH AND DOES 31 THROUGH 40, INCLUSIVE)

27. Plaintiff realleges and incorporates by reference paragraphs 1 through 26, inclusive, of this Complaint as though fully set forth at length.

28. At all times herein mentioned, defendants Inland Kenworth and DOES 31 through 40, inclusive, were responsible, in whole or part, for maintaining and servicing the Subject Vehicle.

29. At all times herein mentioned, defendants Inland Kenworth and DOES 31 through 40, inclusive, owed O Premium Waters a duty to use reasonable care and caution in maintaining and servicing the Subject Vehicle.

30. Defendants Inland Kenworth and DOES 31 through 40, inclusive, breached the aforementioned duty to use due and reasonable care and caution through one or more of the following acts and/or omissions:

        a)    Carelessly and negligently failed to properly unsecure and resecure the battery positive cable so as to create the unreasonably dangerous propensity for electrical arcing and fire such as that which occurred;

   b) Carelessly and negligently failed to discover the fact that the battery positive cable was improperly secured and then correct the dangerous condition so as to create the unreasonably dangerous propensity for electrical arcing and fire such as that which occurred; and

   c) Were otherwise careless and negligent.

31. The above mentioned negligent acts and/or omissions by defendants Inland Kenworth and DOES 31 through 40, inclusive, caused the Subject Fire and caused the damages in issue.

32. As a direct and proximate result of the unreasonably dangerous defective condition of the Subject Vehicle and/or its component parts, plaintiff has suffered damage and loss in an amount in excess of the minimum amount required for the jurisdiction of this court, an amount to be proved at trial.

## FOURTH CAUSE OF ACTION

## (NEGLIGENCE AGAINST DEFENDANTS HESSE AND DOES 41 THROUGH 50, INCLUSIVE)

33. Plaintiff realleges and incorporates by reference paragraphs 1 through 32, inclusive, of this Complaint as though fully set forth at length.

34. At all times herein mentioned, defendants Hesse, and DOES 41 through 50, inclusive, were responsible, in whole or part, for attaching the service body to the tractor of the Subject Vehicle.

35. At all times herein mentioned, defendants Hesse, and DOES 41 through 50, inclusive, owed O Premium Waters a duty to use due and reasonable care and caution in actions necessary to attach the service body to the tractor of the Subject Vehicle.

36. Defendants, Hesse, and DOES 41 through 50, inclusive, breached the aforementioned duty to use due and reasonable care and caution through one or more of the following acts and/or omissions:

////

a) Carelessly and negligently cut the frame rails on the chassis of the Subject Vehicle so as to remove two battery positive cable stand-off clamps and create the unreasonably dangerous propensity for electrical arcing and fire such as that which occurred;

b) Carelessly and negligently attached the service body to the tractor of the Subject Vehicle without either properly securing the battery positive cable or ensuring that the battery positive cable was properly secured so as to create the unreasonably dangerous propensity for electrical arcing and fire such as that which occurred; and

c) Were otherwise careless and negligent.

37. The above mentioned negligent acts and/or omissions by defendants Hesse, and DOES 41 through 50, inclusive, caused the Subject Fire and caused the damages in issue.

38. As a direct and proximate result of the unreasonably dangerous condition of the Subject Vehicle and/or its component parts caused by defendants Hesse, and DOES 41 through 50, inclusive, plaintiff has suffered damage and loss in an amount in excess of the minimum amount required for the jurisdiction of this court, an amount to be proved at trial.

WHEREFORE, plaintiff prays for judgment against all Defendants as follows:

1. For compensatory damages in an amount to be proved at trial;
2. For costs of suit incurred herein;
3. For costs of suit incurred herein;
4. For reasonable attorney's fees;
5. For prejudgment interest as permitted by law; and
6. For such other and further relief as the court may deem just and proper.

Dated: September 5, 2006                COZEN O'CONNOR

By: *Barrett K*
BARRETT KIERNAN
501 West Broadway, Suite 1610
San Diego, CA  92101
Telephone: 800.782.3366
Attorneys for Plaintiff GREAT NORTHERN
INSURANCE COMPANY