Michael Herzog, Esq.
**HERZOG and O'CONNOR, P.C.**
7333 E. Doubletree Ranch Road, Suite 280
Scottsdale, Arizona 85258
(480)998-3855
State Bar No.: 005892
E-mail: michael@herzogandoconnor.com
Attorney for Defendant Hesse, Inc.

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| GREAT NORTHERN INSURANCE COMPANY, a Minnesota corporation,<br><br>Plaintiff,<br><br>v.<br><br>KENWORTH TRUCK COMPANY, a division of PACCAR, INC., a Delaware corporation; PACCAR, INC., a Delaware corporation; INLAND KENWORTH, INC., an Arizona corporation; HESSE, INC., a Missouri corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | No.: 2:06-CV-01310 -ROS<br><br>**ANSWER OF DEFENDANT HESSE, INC.** |

For its Answer to Plaintiff's Complaint, Defendant Hesse, Inc. hereby admits, denies and alleges as follows:

I.

Answering paragraphs 1 through 8 of the Complaint, Defendant Hesse, Inc. admits that jurisdiction and venue are proper. Defendant Hesse lacks sufficient information at this time to determine the truth of the remaining allegations contained in paragraphs 1 through 8 of the Complaint, and therefore denies same.

II.

Defendant Hesse lacks sufficient information at this time to determine the truth of the allegations contained in paragraphs 9 through 11 of the Complaint, and therefore denies same.

III.

Paragraphs 12 through 32 of the Complaint are not directed to Defendant Hesse, and therefore Defendant Hesse has no obligation to respond to the allegations contained in these paragraphs. In the event it is deemed necessary for Defendant Hesse to answer the allegations contained in paragraphs 12 through 32 of the Complaint, Defendant Hesse lacks sufficient information at this time to determine the truth of the allegations contained in those paragraphs, and therefore denies same.

IV.

Answering 33 of the Complaint, Defendant Hesse incorporates by reference, all admission, denials and allegations set forth above.

V.

Defendant Hesse lacks sufficient information at this time to determine the truth of the allegations contained in paragraphs 34 through 38 of the Complaint, and therefore denies same.

VI.

Defendant Hesse denies each material allegation of the Complaint not herein expressly admitted.

## AFFIRMATIVE DEFENSES

VII.

All claims being brought by Plaintiff Great Northern Insurance Company in this matter are derivative of claims belonging to O Waters, L.L.C., dba O Premium Waters. Therefore, any negligence, assumption of risk, contributory negligence, comparative negligence and/or fault on the part of O Water, L.L.C., dba O Premium Waters is imputed to Plaintiff Great Northern Insurance Company for all purposes associated with this litigation.

VIII.

In response to Plaintiff's Complaint, Defendant Hesse, Inc. alleges as though set forth herein, *in haec verba*, all affirmative defenses set forth in Rule 8(c), F.R.C.P., including

specifically assumption of risk, contributory negligence and comparative negligence. All affirmative defenses are alleged at this time in order to preserve these defenses although Defendant Hesse, Inc. is not sure which, if any, of the affirmative defenses listed apply.

IX.

If Defendant Hesse is held liable to Plaintiff in this action, which liability is specifically denied, said liability will not have attached by virtue of the sole, active and primary negligence of Defendant Hesse, but will attach by virtue of the contributing and/or comparative negligence, assumption of risk, carelessness and recklessness of Plaintiff and/or its insured, O Waters, L.L.C., dba O Premium Waters, proximately causing the injuries and damages about which Plaintiff complains.

X.

Defendant Hesse is therefore entitled to an apportionment of fault as between itself and Plaintiff and O Waters, L.L.C., dba O Premium Waters.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant Hesse prays for judgment against Plaintiff, and requests that the Court dismiss Plaintiff's Complaint, and order that Plaintiff take nothing thereby, and award Defendant Hesse its costs incurred herein.

DATED this 10th day of October, 2006.

HERZOG and O'CONNOR, P.C.

By   s/ Michael Herzog, Esq.
Michael Herzog, Esq.
7333 East Doubletree Ranch Road, Suite 280
Scottsdale, Arizona 85258
Attorney for Defendant Hesse, Inc.

. . .

3

COPY of the foregoing mailed
this 10th day of October, 2006 to:

Barrett Kiernan, Esq.
COZEN O'CONNOR
501 West Broadway
Suite 1610
San Diego, California 92101
Attorneys for Plaintiff


By   s/ Michael Herzog, Esq.